IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DARREN JOSEPH ANDERSON | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv124 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Darren Joseph Anderson, a federal prisoner, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background

On July 6, 1995, pursuant to a written plea agreement, movant entered a plea of guilty to two of the four charges against him. Movant pleaded guilty to Count 1 charging him with the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Additionally, movant pleaded guilty to Count 4 charging him with carrying a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

Based on three prior convictions and movant's stipulation that he met the criteria for classification as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), the Presentence Investigation Report classified movant as an armed career criminal. As a result of being classified as an armed career criminal, movant's sentence exposure increased from a maximum of 10 years of imprisonment to a minimum of 15 years of imprisonment under the Armed Career Criminal Act. On October 27, 1995, the Court sentenced movant to 188 months' imprisonment for Count 1, to be followed by 60 months' imprisonment for Count 4. Movant did not appeal the judgment of the district court.

Discussion

The Armed Career Criminal Act provides that a person who violates § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if he has three or more prior convictions for a violent felony or a serious drug offense. A "violent felon" is defined as any crime punishable by imprisonment for a term exceeding one year that: (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The quoted language is referred to as the "residual clause" of the ACCA.

In 2015, the United States Supreme Court held that the residual clause of § 924(e) was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2251 (2015). The Supreme Court recently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1260-68 (2016).

Movant asserts, and the government agrees, that movant no longer has the requisite number of predicate offenses to enhance his sentence under the Armed Career Criminal Act in light of *Johnson*. The government does not oppose granting movant relief on Count I and urges the Court to resentence movant on Count I to a term of imprisonment not less than time served and not more than ten years. The government asserts that movant's sentence for Count 4 should remain 60 months, to be served consecutively to the sentence for Count 1.

## Conclusion

For the reasons stated above, this motion to vacate, set aside or correct sentence is meritorious. A final judgment will be entered granting the motion and vacating the sentence as to Count I.

**SIGNED** this the 24 day of **August, 2016.**

_____
Thad Heartfield
United States District Judge